JEREMY D. WARREN
California State Bar Number 177900
105 West F Street, Fourth Floor
San Diego, California 92101
Tel: (619) 234-4433
Email: jw@jwarrenlaw.com

Attorney for Mr. Gonzalez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **MORGAN GONZALEZ-RAMIREZ,** ) <br> ) <br> Defendant. ) | Case No. 08cr2095-WQH <br><br> MOTION TO WITHDRAW GUILTY PLEA PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 11(d) |

To:   Karen Hewitt, United States Attorney for the Southern District of California, and Assistant United States Attorney James Melendres

Defendant Morgan Gonzalez-Ramirez ("Mr. Gonzalez"), by and through counsel Jeremy D. Warren, hereby notifies the Court of his intention to withdraw his guilty plea. This motion is made pursuant to Federal Rule of Criminal Procedure 11(d).

**I.**

**Statement of Facts Relevant to the Motion**

Mr. Gonzalez was arrested by federal agents at the San Ysidro port of entry on April 27, 2008. He was charged in a complaint with attempted entry by a deported alien, 8 U.S.C. § 1326. On August 5, 2008, Mr. Gonzalez pled guilty to an information charging § 1326 in front of the Honorable William McCurine, Jr., United States Magistrate Judge. On the same date, Judge McCurine issued an order finding the plea complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure, and recommending that the District Court accept the plea. Judge McCurine ordered Mr. Gonzalez to appear in front of this Court for acceptance of plea and sentencing on September 5, 2008. This Court has yet to accept the guilty plea.

## II.

### Mr. Gonzalez May Withdraw his Guilty Plea as a Matter of Right

Rule 11 of the Federal Rules of Criminal Procedure contains a provision establishing a defendant's right to withdraw a guilty plea:

> **(d) Withdrawing a Guilty or Nolo Contendere Plea**. A defendant may withdraw a plea of guilty or nolo contendere:
>
> **(1) before the court accepts the plea, for any reason or no reason**; or
>
> (2) after the court accepts the plea, but before it imposes sentence if:
>
> (A) the court rejects a plea agreement under Rule 11(c)(5); or
>
> (B) the defendant can show a fair and just reason for requesting the withdrawal.

Fed. R. Crim. Pro 11(d) (emphasis added). In this case, Mr. Gonzalez entered a guilty plea before a magistrate judge. Such a procedure was authorized by *United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (en banc). Although the magistrate judge recommended the Court accept the plea, it has not done so yet. Under the plain language of Rule 11(d)(1), *supra*, Mr. Gonzalez may withdraw the plea for "any reason or no reason." The Ninth Circuit has explicitly recognized this right. *United States v. Alvarez-Tautimez*, 160 F.3d 573, 576 (9th Cir. 1998). The court wrote,

> [W]e hold that [the defendant] should have been allowed to withdraw his plea without offering any reason. The reason is that, at the time [the defendant] moved to withdraw from the plea agreement, the district court had not yet accepted the plea.

*Id.*, quoting *United States v. Washman*, 66 F.3d 210, 212 (9th Cir. 1995). Because "neither the plea nor the plea agreement was accepted by the court until the date of sentencing," the defendant "was free to withdraw his plea offer made before the magistrate judge at any time before sentencing." *Id.* Just recently, the Ninth Circuit reaffirmed the holding of this case. *Garcia-Aguilar v. United States District Court for the Southern District of California.*, 535 F.3d 1021 (9th Cir. 2008).

In *Garcia-Aguilar*, the plea procedure was identical to Mr. Gonzalez's. The defendants plead guilty before magistrate judges, and the district courts deferred acceptance of the pleas. *Id.* The opinion pointed out that the pleas did not have a "final legal effect at that moment, as defendants remained free to

withdraw their pleas. *United States v. Alvarez-Tautimez,* 160 F.3d 573, 576 (9th Cir. 1998) (until a guilty plea is formally accepted by a district judge, the defendant remains free to withdraw it for any reason)."

      Because the Court has not accepted his guilty plea, Mr. Gonzalez has the right to withdraw the plea as a matter of right pursuant to Rule 11(d)(1). He has chosen to exercise this right and so informs the Court.

### III.
### Conclusion

      For the reasons stated above, Mr. Gonzalez respectfully urges the Court to accept his decision to withdraw his guilty plea. He asks the Court to set a motions hearing date so that he may collaterally attack his deportation.

Respectfully submitted,

/s Jeremy D. Warren

Dated: September 7, 2008

JEREMY D. WARREN
Attorney for Defendant Gonzalez

**PROOF OF SERVICE**

I declare that:

I am a citizen of the United States and employed in the city of San Diego, CA. I am over eighteen years of age. My business address is 105 West F Street, Fourth Floor San Diego, CA 92101.

On September 7, 2008, I personally served the following documents:

**Notice of Motion and Motion for Discovery**

on the below attorneys by electronic filing:

Assistant United States Attorney James Melendres

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on September 7, 2008 at San Diego, CA.

/s Jeremy Warren

_____
Jeremy D. Warren