JEREMY D. WARREN
California State Bar Number 177900
105 West F Street, Fourth Floor
San Diego, California 92101
Tel: (619) 234-4433
Email: jw@jwarrenlaw.com

Attorney for Mr. Gonzalez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 08cr2095-WQH |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MOTION FOR PRETRIAL DISCOVERY AND |
| **MORGAN GONZALEZ-RAMIREZ,** | ) | FOR LEAVE TO FILE FURTHER MOTIONS |
| Defendant. | ) | |

To:   Karen Hewitt, United States Attorney for the Southern District of California, and Assistant United States Attorney James Melendres

Defendant Morgan Gonzalez-Ramirez ("Mr. Gonzalez"), by and through counsel Jeremy D. Warren, hereby files his motion for pretrial discovery and for leave to file further motions.

## I.

### Statement of Facts Relevant to the Motion[1]

Mr. Gonzalez was born in Mexico in 1983 but has lived in the United States (specifically, Northern California) for most of his life. His father became a United States Citizen in 1996 and Mr. Gonzalez became a legal permanent resident in 2002. In 2005, Mr. Gonzalez was charged in Superior Court with statutory rape but plead guilty to sexual battery of a minor and received a probationary sentence. In 2006, he received a year in custody on a probation violation. After serving this sentence, he was placed in immigration proceedings. He was represented by counsel and argued he was non-

---

[1] Mr. Gonzalez proffers the statement of facts as based on pretrial discovery and other information made available to the defense. He provides this background information for context but does not intend for it to be deemed an admission on his behalf.

1

deportable based on derivative citizenship through his father. He lost his case but appealed to the Bureau of Immigration Appeals ("BIA"). He received an adverse ruling from the BIA and was ordered deported in January 2008. His lawyers filed a notice of appeal to the Ninth Circuit Court of Appeals but in the meantime he was removed from the United States.

On May 27, 2008, border inspectors found Mr. Gonzalez hidden in a compartment of a car seeking entry in to the United States. The driver was Anallanci Barragan, who had been the victim of the sexual battery offense. They remain in a long-term relationship and, in fact, she is six months pregnant with his child.

Mr. Gonzalez was charged with attempted illegal reentry, 8 U.S.C. § 1326. He waived indictment and pled guilty to an information charging the same offense. However, he has filed a motion to withdraw his guilty plea. He seeks to fight his case by establishing that he is not an alien and that he was not lawfully deported from the United States.

## II.

### Motion for Access to the Immigration A-File

In addition to a general discovery motion (*infra*), Mr. Gonzalez makes this specific request for an order compelling the government to provide him with access to his immigration A-File. As the Court knows, for years such access was routinely granted upon informal request. However, the government recently decided that it would not provide the defense with an opportunity to review the A-File without a court order.

The A-File typically contains documents relating to any deportation proceedings, prior applications for citizenship or other immigration documents permitting entry into or residence in the United States. Mr. Gonzalez needs access to these documents to assist him formulate a challenge to the legality of his prior deportation as well as to assist in his defense based on derivative citizenship. Defense access to the A-File is thus essential to preparation of the defense and likely to contain exculpatory information and is therefore discoverable under *Brady* and its progeny.

Further, the government routinely offers evidence at trial regarding the non-existence of application for re-admission into the United States. It would be fundamentally unfair to permit the government to rely on such evidence absent an opportunity for Mr. Gonzalez, through counsel, to review

the file. Although the certificate might be admissible, the question of the thoroughness of the search conducted by the Government of the A-file is, and should be, open to cross-examination. *United States v. Sager*, 227 F.3d 1138, 1145 (2000) (error not to allow jury to "grade the investigation."). Mr. Gonzalez should be able to review his A-file in order to see whether any application for lawful admission exists. Moreover, Mr. Gonzalez should also be able to verify whether other documents that would ordinarily be in the A-file are "non-existent," or otherwise missing from his A-file. Mr. Gonzalez may assert a defense that his application for lawful entry was lost or otherwise misplaced by the Government. He must be allowed the opportunity to review his A-file and the manner in which it is being maintained by the Government in order to present this defense.

### III.

### Motion to Compel Discovery/Preserve Evidence

This request is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies" under United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989), and discovery of which the government attorney may become aware through the exercise of due diligence:

(1) The Defendant's Statements. Mr. Gonzalez requests disclosure of all copies of any written or recorded statement made by the defendant; any written record containing the substance of any oral statements made by the defendant and any written summaries of the defendant's oral statements contained in the handwritten or rough notes of the government agent; any response to any Miranda warnings which may have been given to the defendant; any response by the defendant to interrogation; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A).

(2) Arrest Reports, Notes and Dispatch Tapes. Mr. Gonzalez also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents which contain statements of the defendant or any other discoverable material. Fed. R. Crim. P. 16(a)(1)(A); Brady v. Maryland, 373 U.S. 83 (1963). The government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R.

Crim. P. 16(a)(1)(B) and (C); Fed. R. Crim. P. 26.2 and 12(I).

(3) <u>Criminal Record</u> Evidence of criminal record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of other "similar" acts is discoverable under Fed. R. Crim. P. 16(a)(1)(B) and Fed. R. Evid. 404(b) and 609; Mr. Gonzalez requests all his rap sheets and any other evidence discoverable under these rules. Mr. Gonzalez requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any arrests and convictions or bad acts he has suffered or known of by the government. He makes an identical request for all pertinent records of government witnesses including informants.

(4) <u>Evidence Seized</u>. Mr. Gonzalez requests production of evidence seized as a result of any search, either with or without a warrant. Fed. R. Crim. P. 16(a)(1)(C).

(5) <u>Tangible Objects</u>. Mr. Gonzalez requests the opportunity to inspect and copy as well as test, if necessary, all documents and tangible objects, including photographs, books, papers, documents, alleged narcotics or narcotics related items, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(C).

(6) <u>Request for Preservation of Evidence</u>. Mr. Gonzalez specifically requests the preservation of all dispatch tapes, agents' rough notes, any documents, and any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to seized weapons, the results of any fingerprint analysis, Mr. Gonzalez's personal effects, and any evidence seized from the defendant or any other party.

(7) <u>Reports Of Examinations And Tests</u>. Mr. Gonzalez requests the opportunity to inspect and copy any reports of physical and mental examinations and any scientific tests which are material to the preparation of the defense or intended for use in the government's case-in-chief. Fed. R. Crim. P. 16(a)(1)(D).

(8) <u>Expert Witnesses</u>. Mr. Gonzalez requests the name, qualifications, and a written summary of the opinion/testimony and bases thereon of any person that the government intends to call as an expert witness. Fed. R. Crim. P. 16(a)(1)(E).

(9) <u>Brady Material</u>. Mr. Gonzalez requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, which affects the credibility of the government's case, or which may result in a lower sentence under the United States Sentencing Guidelines. Under <u>Brady</u>, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

(10) <u>Giglio Information</u>. Mr. Gonzalez requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses. <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

(11) <u>Informants and Cooperating Witnesses</u>. Mr. Gonzalez requests disclosure of the name(s), address(es), criminal record and location(s) of all informants or cooperating witnesses used or potentially to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the crime charged. <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. <u>Id.</u> Mr. Gonzalez also requests that the government disgorge any information in its possession regarding other parties culpable in this matter as these individuals are highly relevant and material to Mr. Gonzalez's defense.

(12) <u>Jencks Act Material</u>. Mr. Gonzalez requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963). In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(13) <u>Any Potential 404(b)/609 Evidence</u>.  Mr. Gonzalez requests prior notice of any other crimes or bad acts that the government intends to introduce, whether in its case in chief, for impeachment or rebuttal.  Fed. R. Crim. P. 16(a)(1)(C); Fed. R. Evid. 404(b) and 609(b).  Mr. Gonzalez requests such notice at least one month before trial in order to give the defense time to investigate and prepare for trial.

(14) <u>Any Information That May Result In A Lower Sentence Under The Guidelines</u>  As discussed above, this information is discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83(1963).  This request includes any cooperation or attempted cooperation by the defendant, as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines.  Also included in this request is any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, or any other application of the Guidelines.  Additionally, Mr. Gonzalez specifically requests any evidence the government intends to use at sentencing to establish his status as a career offender or for any other enhancement to his sentence;

(15) <u>Evidence of Bias or Motive to Lie</u>  Mr. Gonzalez requests any evidence that any prospective government witness, including a cooperating defendant, is biased or prejudiced against the defendant, or has a motive to falsify or distort her or her testimony.  <u>Pennsylvania v. Ritchie</u>, 480 U.S. 39 (1987); <u>United States v. Strifler</u>, 851 F.2d 1197 (9th Cir. 1988);

(16) <u>Impeachment evidence</u>  Mr. Gonzalez requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant.  <u>See</u> Fed. R. Evid. 608, 609 and 613.  Such evidence is discoverable under <u>Brady v. Maryland</u>, supra.  <u>See</u> <u>United States v. Strifler</u>, 851 F.2d 1197(9th Cir. 1988)(witness' prior record); <u>Thomas v. United States</u>, 343 F.2d 49 (9th Cir. 1965)(evidence that detracts from a witness' credibility);

(17) <u>Evidence of Criminal Investigation of Any Government Witness</u>  Mr. Gonzalez requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.  <u>United States v. Chitty</u>, 760 F.2d 425 (2d Cir.) <u>cert. denied</u>, 474 U.S. 945 (1985);

(18) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>  Mr. Gonzalez requests any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is

impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(19) <u>Witness Addresses</u>  Mr. Gonzalez requests the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 576 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective assistance); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses). The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness. United States v. Cadet, 727 F.2d, 1453 (9th Cir. 1984);

(20) <u>Name of Witnesses Favorable to the Defendant</u>  Mr. Gonzalez requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of her identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); Jones v. Jago, 575 F.2d 1164, 1168 (6th Cir.), cert. denied, 439 U.S. 883 (1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1979), cert. denied, 444 U.S. 1086 (1980);

(21) <u>Statements Relevant to the Defense</u>  Mr. Gonzalez requests disclosure of any statement that may be "relevant to any possible defense or contention" that he might assert. United States v. Bailleaux, 685 F.2d 1105 (9th Cir. 1982);

(22) <u>Personnel Records of Government Officers Involved in the Arrest</u>  Mr. Gonzalez requests all citizen complaints and other related internal affairs documents involving any of the immigration officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of him, pursuant to Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of such Henthorn documents, defense counsel will not be able to procure then from any other source;

(23) <u>Prosecutor's Duty to Inspect Agents' Files</u>  Mr. Gonzalez requests that the court order the prosecutor to <u>personally</u> review the personnel files of the agents involved.

(24) <u>Release of Evidence for Defense Testing</u>.  Mr. Gonzalez requests that the government release to his designated expert all weapons and other items seized so that the defense may conduct independent

testing of the items.

(25) <u>Subpoena, Intercept and Warrant Information and Evidence</u>. Mr. Gonzalez requests a copy of all electronic interception orders, search warrants and subpoenas, and related applications for electronic interception, subpoenas and warrants, their affidavits, attachments, and inventories related to this case. He also requests copies of all documents provided to or seized by the government pursuant to such court-authorized orders. He requests copies of all recordings made by the government made pursuant to warrant or order as well as line-sheets and any other documentation of such recordings.

(26) <u>Immigration File and Related Documents</u>. Mr. Gonzalez requests a complete copy of all documents related to his alienage, criminal history, and deportations. He requests access to and copies of his A-file or files as well as documents related to and recordings of all deportation or removal hearings he may have been subjected to.

(27) <u>Residual Discovery/All Other Relevant Materials</u> Mr. Gonzalez intends for this motion to cover the full extent of discoverable material. She therefore requests that the government be required to disgorge all other discoverable material which she otherwise has failed to request.

### III.

### Mr. Gonzalez Seeks Leave to File Further Motions

Mr. Gonzalez seeks leave to file further, substantive motions as relevant discovery becomes available. In particular, he seeks leave to file a pretrial motion attacking the underlying deportation.

### IV.

### Conclusion

For the reasons stated above, Mr. Gonzalez respectfully urges the Court to grant his motions for discovery, for access to the A-file, and for leave to file further motions.

Respectfully submitted,

/s Jeremy D. Warren

Dated: September 7, 2008

JEREMY D. WARREN
Attorney for Defendant Gonzalez

**PROOF OF SERVICE**

I declare that:

I am a citizen of the United States and employed in the city of San Diego, CA. I am over eighteen years of age. My business address is 105 West F Street, Fourth Floor San Diego, CA 92101.

On September 7, 2008, I personally served the following documents:

**Notice of Motion and Motion for Discovery**

on the below attorneys by electronic filing:

Assistant United States Attorney James Melendres

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on September 7, 2008 at San Diego, CA.

/s Jeremy Warren

_____
Jeremy D. Warren